`UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                              Criminal No. 10-16 (JNE/FLN)
                                                   ORDER

Avelino Villares-Astudillo
aka Andres Coli-Perez,

       Defendant.

Defendant Avelino Villares-Astudillo pleaded guilty to one count of illegal re-entry following deportation in violation of 8 U.S.C. § 1326(a), (b)(2).  On June 21, 2010, the Court sentenced him to fifty-seven months' imprisonment.[1]  The Eighth Circuit affirmed Villares-Astudillo's sentence on appeal.  *See United States v. Villares-Astudillo*, 413 F. App'x 923, 923 (8th Cir. 2011) (per curiam).  On May 23, 2011, Villares-Astudillo moved for a reduction of his sentence.  Villares-Astudillo argues that amendments 712 and 740 to the U.S. Sentencing Guidelines Manual can be properly applied to his case and that his sentence should be reduced in light of his assimilation into the culture of the United States and based on the sentencing factors listed in 18 U.S.C. § 3553(a).  The Court has conducted an independent review of Villares-Astudillo's file, including his presentence investigation report, prior submissions of counsel, and the Government's thorough response to this motion.  The Court denies the requested relief.

Villares-Astudillo's history, personal characteristics, and crime of conviction are explained in the Eighth Circuit's opinion.  *See Villares-Astudillo*, 413 F. App'x at 925.  As Villares-Astudillo argued at sentencing and on appeal, he had a difficult childhood in Mexico

---

[1] The Honorable Judge James M. Rosenbaum, United States District Judge, now retired, sentenced Villares-Astudillo.  The case was reassigned to the undersigned after Judge Rosenbaum's retirement.

1

and has a son in the United States. Since first entering the United States at age 17, he has been removed from this country on three separate occasions. During his time in the United States, he has at times been affiliated with gangs, and he has acquired two separate felony convictions for second-degree aiding and abetting assault, as well as a felony conviction for being a prohibited person in possession of a firearm. It does not appear that Villares-Astudillo obtained any schooling in the United States.

18 U.S.C. § 3582(c)(2) authorizes a district court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." U.S.S.G. § 1B1.10(c) provides a list of the specific amendments upon which a reduction under § 3582(c)(2) can be based. *See* U.S.S.G. § 1B1.10(c) (Nov. 2010).

Neither amendment relied on by Villares-Astudillo is listed in § 1B1.10(c) and neither provides a basis for reducing his sentence. Amendment 712 modified § 1B1.10 to its current form. It was effective at the time Villares-Astudillo was sentenced and it does not provide a basis for sentence reduction separate from the statutory authority of 18 U.S.C. § 3582(c)(2). Amendment 712 thus offers no support for the current motion. Amendment 740 became effective after Villares-Astudillo's sentencing. It added application note 8 to U.S.S.G. § 2L1.2, permitting sentencing courts to consider a departure based on cultural assimilation.[2] Application

---

[2] Application note 8 to § 2L1.2 provides that "[t]here may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. . . . In determining whether such a departure is appropriate, the court should consider, among other things . . . the age in childhood at which the defendant began residing continuously in the United States, . . . whether and for how long the defendant attended school in the United States, . . . the nature and extent of the defendant's familial and cultural ties inside the United States, . . . the seriousness of the

note 8 became effective on November 1, 2010.  It is not retroactive and therefore does not apply to Villares-Astudillo.  *See United States v. Delgado-Hernandez*, No. 10-2268, 2011 WL 2848757, at *6 & n.7 (8th Cir. July 20, 2011).  Even if application note 8 applied to Villares-Astudillo, it would not alter his guideline sentencing range, and therefore would not trigger § 3582(c)(2).  It is, in any event, doubtful that Villares-Astudillo falls into the category of defendants that application note 8 was intended to benefit.  The nature of his cultural ties to the United States, the seriousness of his criminal history, and the risk he poses to the public all weigh against a reduction.  Moreover, the nature and extent of Villares-Astudillo's claimed cultural assimilation was fully explored at his sentencing hearing, and he raised the matter on appeal.  There is no indication that Villares-Astudillo would have received, or would have been entitled to receive, a downward departure or variance even if application note 8 to § 2L1.2 had been in effect at the time he was sentenced.

For the reasons set forth in the Government's memorandum, and because no legal authority exists for the relief requested by Villares-Astudillo, the Court denies the requested sentence reduction.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Villares-Astudillo's Motion for Adjustment of Sentence Pursuant to U.S.S.G. § 1B1.10 and Title 18 U.S.C. § 3553(a) Reconsideration and Variance [Docket No. 32] is DENIED.

Dated:  July 21, 2011

                 s/ Joan N. Ericksen
                 JOAN N. ERICKSEN
                 United States District Judge

---

defendant's criminal history, and . . . whether the defendant engaged in additional criminal activity after illegally reentering the United States."  *See* U.S.S.G. § 2L1.2, comment. (n.8).